## Snyder *v.* Platzer et ux., Appellants.

*Wills—Devise—Rule in Shelley's Case—Fee simple estate—Act of April 27, 1855, P. L. 368.*

1. Where testator devises the income from real estate to his son for life, and, upon his decease, to the heirs of his body, share and share alike, and, in default of his son leaving to survive him any heirs of his body, then as the son may appoint by his will, the son takes an estate tail, which, under the Act of April 27, 1855, P. L. 368, vests in him an absolute fee simple.

2. A subsequent direction in the will to the executor to sell the real estate after the death of the son leaving heirs, does not cut down the fee previously given.

Argued February 1, 1921. Appeal, No. 306, Jan. T., 1921, by defendants, from judgment of C. P. Lehigh Co., April T., 1920, No. 91, for plaintiff, on case-stated, in suit of Samuel E. Snyder v. Joseph John Platzer et ux. Before Moschzisker, C. J., Frazer, Walling, Simpson and Schaffer, JJ. Affirmed.

Case-stated to determine marketability of real estate. Before Henninger, J.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff. Defendants appealed.

*Error assigned* was judgment, quoting it.

*H. H. Steckel,* of *Aubrey, Steckel & Senger,* for appellants.

*Ralph H. Schatz,* for appellee, was not heard.

PER CURIAM, February 28, 1921:

The parties to this case-stated agreed, inter alia, to the following facts: Samuel M. Snyder died January 5, 1912, leaving a will dated the blank day of August, 1900, which was duly probated.

After some general provisions, the will states: "(3) All the rest of my estate, real and personal, I desire that the income and improvement thereof after the payment of taxes and necessary repairs to the real estate be paid unto my wife, Sarah L. Snyder during the period of her natural life and upon her decease, the income as aforesaid be paid unto my son Samuel E. Snyder during the period of his natural life; and upon his decease then to the heirs of his body, share and share alike. (4) In default of my son leaving to survive him no heirs of his body, in that event my son Samuel E. Snyder can dispose of all the estate by his last will and testament. (5) After the death of my said wife and son leaving to survive him heir or heirs of his body then my Executor then acting shall sell all my real estate and convert all the remainder into money, and grant good deeds to purchasers so as to vest in them title in fee simple, and pay remainder to said heirs of the body of my son Samuel E. Snyder share and share alike. (6) During the lifetime of my wife and son no real estate is to be sold unless in the discretion of the Orphans' Court of Lehigh County, who in the decree shall expressly charge the Executor to re-invest the same in real estate free from encumbrance."

Sarah L. Snyder died May 10, 1916. October 1, 1919, Samuel E. Snyder, mentioned in testator's will (plaintiff here), bound himself to sell, and defendants bound themselves to buy, for the price or sum of $2,900, the following described real estate, of which, inter alia, the decedent, Samuel M. Snyder, was seized at the time of his death (describing a two-story frame dwelling house and lot of ground situate "at No. 13 East side of Second

Street," in the Borough of Catasauqua, County of Lehigh, this state).

On October 10, 1919, plaintiff tendered to defendants a deed of general warranty, duly executed and acknowledged, with the proper revenue stamps affixed, for the premises so contracted to be sold, and demanded the purchase price named in the agreement; but defendants refused to accept the deed or pay the price, on the ground that plaintiff was not seized in fee simple of the premises in controversy.

This question, submitted for determination, "Has Samuel E. Snyder an estate in fee simple in the real estate of the decedent, Samuel M. Snyder?" was answered by the court below in the affirmative; and, following the terms of the case-stated, judgment was entered for plaintiff in the amount agreed upon.

In reaching its conclusion, the court below correctly says: "Testator devised to his son, Samuel E. Snyder, the plaintiff, an estate in fee tail of all the rest of his estate, real and personal, subject to the life estate of Sarah L. Snyder, his widow. The third clause of the will devises the same to him [the son] during his life and, after his death, then to the heirs of his body, share and share alike; and the fourth clause provides that, in default of his son leaving to survive him any heirs of his body, in that event, he can dispose of all the estate by his last will and testament. A proper construction of these clauses leaves no doubt......that they are equivalent to a devise of an estate in fee tail; under the Act of 1855 such an estate [is] taken and construed to be an estate in fee simple, and, as such [is] inheritable and freely alienable. The court is of opinion that the provisions following the aforesaid clauses three and four do not in any manner interfere with the estate devised."

The judgment is affirmed.